**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-6071**

_____

JUNIOR JOSEPH RICE,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES SUPREME COURT; UNITED STATES CONGRESS,

Respondents - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:15-cv-00218-FDW)

_____

Submitted:  April 19, 2018                                    Decided:  April 24, 2018

_____

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Junior Joseph Rice, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Junior Joseph Rice seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition without prejudice. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on May 14, 2015. The notice of appeal was filed on January 10, 2018.[*] Because Rice failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).